## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIAM SINGHOSE,

    Plaintiff,

            v.

GOLABS, INC. d/b/a GOTRAX,

    Defendant.

Civil Action No.
1:23-cv-00199-SDG

### OPINION AND ORDER

This matter is before the Court on Defendant GoLabs, Inc.'s motion to vacate default [ECF 54] and Plaintiff William Singhose's motion for leave to file a surreply [ECF 57]. Both motions are **GRANTED**. The Court will vacate the entry of default, but GoLabs' failure to comply with the Court's December 13, 2024 Order put Plaintiff William Singhose to unnecessary time and expense. Accordingly, the Court will impose a sanction on GoLabs to be paid to Singhose.

## I.    Background

On November 26, 2024, local counsel for GoLabs moved to withdraw.[1] Although GoLabs continued to be represented by William Chu, Chu is only admitted to this Court pro hac vice.[2] On December 13, the Court granted the motion to withdraw, staying all deadlines and directing GoLabs to cause new local counsel to appear no later than January 3, 2025. The Court further directed

---

[1]    ECF 49.

[2]    Mar. 29, 2023 D.E.; July 30, 2023 D.E.

Singhose to seek a clerk's entry of default if GoLabs did not cause new local counsel to timely enter an appearance.[3]

GoLabs did not comply with the Court's deadline. Accordingly, Singhose moved for a clerk's entry of default on January 6, 2025, at 4:24 p.m.[4] Less than three hours later, at 6:56 p.m., new local counsel for GoLabs filed a notice of appearance.[5] On January 7, the Clerk entered default against GoLabs and GoLabs filed its motion to vacate.[6] Singhose opposes vacatur. Because GoLabs submitted evidentiary support for its motion as part of its reply in support of the motion to vacate,[7] Singhose seeks leave to file a surreply.[8]

## II.    Applicable Legal Standard

Under Federal Rule of Civil Procedure 55(c), a "court may set aside entry of default for good cause." This means that the Court may set aside an entry of default "only if the defaulting party can provide a good reason" for the court to do so. *Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999). The standard for setting aside a clerk's entry of default is less onerous than

---

[3]    ECF 51.

[4]    ECF 52.

[5]    ECF 53.

[6]    Jan. 7, 2025 D.E.; ECF 54.

[7]    ECF 56.

[8]    ECF 57.

the standard for vacating a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. [The Eleventh Circuit] recognize[s] that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (cleaned up). In determining whether to set aside a default, the Court is guided by the "strong policy of determining cases on their merits." *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003).

## III.  Discussion

GoLabs asserts that it engaged new local counsel on December 19, 2024, a few days after the Court directed it to do so. GoLabs mailed a retainer to the new counsel, but the payment was apparently delayed in the mail. After learning this, GoLabs overnighted a new check and new counsel promptly made an appearance.[9] Singhose attempts to poke holes in the plausibility of GoLabs'

---

[9]    *See generally* ECF 54.

explanation, arguing that it has failed to show good cause. He also attacks the credibility of the evidence GoLabs supplied in support of its motion.[10]

While GoLabs could and should have been more diligent, new local counsel signed the motion to vacate and reply brief[11] — thereby representing that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). The Court has no reason to doubt counsel's representation that his firm was engaged by GoLabs on December 19 and was waiting to receive the retainer before appearing in the case. The signing of the motion subject to Rule 11 sanctions buttresses that explanation. Undersigned is also aware from his own experience that there are often (sometimes substantial) delays with mail delivery — particularly near the holidays. Moreover, GoLabs' reply brief attached declarations and documents that are consistent with GoLabs' version of events.[12]  Although default may have been avoidable, based on the present record, the Court does not find that GoLabs' default was willful.

Nor has Singhose identified any prejudice to his claims if he is not allowed to pursue a default judgment. GoLabs complied with the Court's order to obtain new local counsel, albeit one business day late. Singhose has not pointed to any

---

[10]    *See generally* ECFs 55, 57.

[11]    ECF 54, at 3.

[12]    *See generally* ECF 56.

reason why that short delay would have any effect on his litigating position. There is no prejudice in requiring a plaintiff to prove his case on the merits. *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018).

Entertaining a default judgment against GoLabs based on its short delay and lack of diligence would be too harsh a sanction under these facts—particularly when this case can be decided on the merits. Singhose has already moved for partial summary judgment.[13] GoLabs raised meritorious defenses in its answer,[14] *Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014) (internal quotation marks omitted) (on a motion to set aside default, noting that a meritorious defense is one that is "good at law" without reference to the likelihood of success), and will have the opportunity to test those defenses in its opposition to summary judgment.

Singhose has, however, suffered prejudice in that he expended resources in pursuing his motion for clerk's entry of default—a motion the Court specifically directed him to file if GoLabs did not timely comply with the December 13 Order. As a sanction for GoLabs' conduct and this harm to Singhose, GoLabs shall pay Singhose's fees and expenses in connection with seeking entry of default and

---

[13]    ECF 50.

[14]    ECF 28.

litigating the instant motion. This shall hopefully come close to making Singhose "whole" as a result of GoLabs' dilatory behavior.

Singhose is instructed to provide GoLabs with billing records (redacted if necessary), a total requested amount for reimbursement, and payment delivery instructions, within 30 days of this Order. GoLabs shall submit payment to Singhose within 30 days of receipt. If the parties are unable to agree on an amount to be paid after conferring in good faith, they may request a conference with the Court to resolve the dispute, consistent with the directive in the Court's Standing Order for resolving discovery disputes. *See* ECF 22, at 16-17.

## IV.    Conclusion

GoLabs' motion to vacate default [ECF 54] is **GRANTED**. As a sanction, GoLabs shall pay Singhose's reasonable fees and expenses in connection with Singhose seeking entry of default and litigating the instant motion. Singhose is **DIRECTED** to provide GoLabs with the documentation and instructions identified above within **30 days** of this Order, and GoLabs shall submit payment within 30 days of receipt, or alternatively the parties may request a conference with the court after conferring in good faith. Singhose's motion for leave to file a surreply [ECF 57] is also **GRANTED**.

The stay entered by the Court in its December 13, 2024 Order [ECF 51] is **VACATED**. GoLabs is **ORDERED** to file its response, if any, to Singhose's motion for partial summary judgment [ECF 50] on or before **April 28, 2025**.

**SO ORDERED** this 26th day of March, 2025.

Steven D. Grimberg
United States District Judge